## HAMLETS—ROADS AND STREETS—STREET RAILROADS.

### VERERA ET AL. (COMRS.) v. A. B. & C. R. R. Co.

[Cuyahoga Circuit Court, February, 1896.]

Hale, Caldwell and Marvin, JJ.

POWER OF COUNTY COMMISSIONERS TO GRANT FRANCHISE IN HAMLET.

The county commissioners have no power to grant a franchise to a street railway company over the streets and roads in a hamlet, and cannot maintain an action to enjoin the construction of the road in violation of the terms thereof. The exclusive jurisdiction over such streets is vested in the trustees of the hamlet, under Sec. 1651, Rev. Stat.

APPEAL.

*P. H. Kaiser,* for plaintiffs, cited:

Board of Ed. v. Board of Ed., 46 O. S., 595, 599 [22 N. E. Rep., 641]; Commissioners v. Railway Co., 45 O. S., 401 [15 N. E. Rep., 468]; Lewis v. Laylin, 46 O. S., 663 [23 N. E. Rep., 288]; Lawrence Rd. Co. v. Commissioners, 35 O. S., 1; Calhoun v. Price, 17 O. S., 96, 99, 101; Wills v. Railway Co., 8 O. F. D., 385: Sections 4615, 4829, 4831, 4850; 89 O. L., 199; 90 O. L., 315, Sec. 1651; 66 O. L., 150, 151, 152; 71 O. L., 65; Franklin v. Croll, 31 O. S., 647, 648; State ex rel. v. Commissioners, 11 O. S., 183, 190; 1599 (Sec.); Secs. 1606 to 1613; Elliott on Roads and Streets, 332, 312; Cooly on Const. Lim. 4th Ed., 311, 312, citing 20 Ill., 200; 24 Ill., 22; 50 Ill., 39; 16 Mo., 88; and 33 Mich., 28.

*Chas. H. Howland,* for the Railroad Company.

*E. J. Blandin, H. T. Cowin,* and *Alex Hadden,* for the hamlet of Newburgh.

In November, 1894, the commissioners of Cuyahoga county, granted to the Akron, Bedford and Cleveland Railroad Company, a franchise to construct and operate a street railroad upon one of the public roads of the hamlet of Newburgh, within said county. One of the terms of the franchise was, that the track should be laid along the southern side of the highway, in May, 1895. The railroad company obtained a franchise over the same road, from the trustees of the hamlet of Newburgh, by the terms of this franchise the track was to be laid along the *northerly* line of the highway. The railroad company began to lay its track in accordance with the terms of the hamlet franchise, and the commissioners of the county brought suit to enjoin the company from laying the track on the *northerly* side of the highway. Judgment was given for the defendants in the lower court, and the plaintiff appealed.

MARVIN, J.

No. 1656, is the case of the Board of Commissioners of Cuyahoga county against the Akron, Bedford and Cleveland Railroad Company, to enjoin the construction of the track of the railroad company along the northeasterly side of the state road passing through the hamlet of Newburgh.

The commissioners make the claim that this road shall not be laid along the northeasterly side, because they, the commissioners, recently, before the railroad company undertook to construct this road had expended considerable money under the statute found in 92 O. L., 190, which statute authorized the levying by the commissioners of a tax on the entire property of this county to construct and improve public roads outside of cities and incorporated villages. The commissioners say that a franchise was granted by them to the railroad company to construct and lay this track on the southwesterly side of that road.

Now, without going into discussion of all that is before us, we find that Sec. 1651, Rev. Stat. of Ohio gives the trustees of hamlets the exclusive jurisdiction of public roads and streets, alleys, sewers, and drains within the limits of the incorporations; trustees of the hamlet have exclusive jurisdiction.

Now, that being true—and let me, say that language is a little stronger than Sec. 2640, Rev. Stat., which gives the control of streets to the council of other incorporations than hamlets—that being true it seems to us the commissioners cannot maintain this action. Whether the trustees have given a franchise to this company or not, it seems to us that the commissioners cannot maintain an action to enjoin the use of a street, the exclusive control of which is given to the trustees of the hamlets, and the petition for the injunctions is dismissed.